JOHN G. JAMES, ADMINISTRATOR, V. BEN. F. TURNER.

No. 2925.

1. **Findings of Fact—Immaterial Error.**—That in the findings of fact by the court an instrument involved in the litigation is erroneously described is immaterial, where there is no doubt as to the instrument to which the findings refer.

2. **Attorney Fees, When Earned.**—A claim was placed in hands of an attorney for suit upon agreement that he should for his fee have one-half of the amount he should realize. He prosecuted the claim to final judgment against a solvent defendant. The money realized in satisfaction was not actually paid to him. *Held,* that such fact in no way affected his right to the fee contracted for.

3. **Survivor Administering the Community Estate.**—A widow qualifying as survivor in administering the community has power to contract with counsel for the prosecution of claims, giving stipulated share of the sum which may be realized. In this case a contract to give half of a contested and doubtful claim was sustained when resisted by an administrator succeeding in the control of the estate upon her second marriage.

4. **Same.**—Such survivor is not limited, as are other administrators, to stipulating only for reasonable fees or compensation for services obtained in such administration.

5. **Reasonable Attorney Fees.**—An agreement to give one-half of what might be recovered upon a claim for legal services to an attorney and contingent upon success, may be reasonable when the claim is contested, suit necessary, and the result doubtful.

6. **Fraud by Survivor.** — In case of fraud by the survivor in administering the community estate others interested and injured by such fraud would have recourse against such survivor for the loss; but other parties not affected with the fraud would be entitled to protection.

APPEAL from Clay. Tried below before Hon. P. M. Stine.

This is an appeal from a judgment in the court below recovered by Turner, the appellee, for $946.32 and costs against John G. James, administrator of the estate of W. H. Boone.

The suit was for an attorney fee stipulated between Turner and Mrs. Mary A. Boone, widow of the deceased, and while as surviving widow she was administering the community estate.

The husband died in December, 1882.   She qualified under the statute as survivor in March, 1883.   Among the assets was a claim against Bryant, Barefoot & White for $2444.20, with interest, which in July, 1885, she turned over to plaintiff Turner for collection, agreeing to give him a contingent fee of one-half the money realized upon it.   Turner gave the matter attention and brought suit.   In 1885 the widow married again, and the appellee James was appointed administrator of Boone's estate.   James employed other counsel, who aided in the prosecution of the claim, and paid them $600.

The amount of $3182.64 was realized upon the claim after litigation to final judgment and to its affirmance on appeal.   James, the administrator, received the money.   Turner presented his account properly authenticated to James for $1591.32.   It was rejected.   Turner brought suit, alleging his contract with Mrs. Boone, his work under it to final success, and the collection of the claim.   He also alleged that his services were reasonably worth the sum claimed.

The administrator, James, pleaded general denial, and specially that Mrs. Boone had only agreed to give plaintiff reasonable compensation for his services; that he had to employ other lawyers to attend to the suit at cost of $600; that the plaintiff was not competent, being a young and inexperienced lawyer.

April 25, 1889, the case was tried before the court; judgment was rendered for $946.32, being the amount claimed less that paid out by James to other counsel.   James appealed.

The other facts sufficiently appear in the opinion.


*Miller & Corrigan,* for appellant.— 1. An administrator can only charge an estate over which he has control with such debts as are reasonable, proper, and necessary.   Portis v. Cole, 11 Texas, 159; Price v. McIver, 25 Texas, 769; Lewis v. Jones, 11 Texas, 359; Caldwell v. Young, 21 Texas, 800.

2.   A contract made by a community administratrix, when the same was performed after she had ceased to control the community property and while said property was under the management of a subsequent administrator, can not be enforced against said property in the hands of the subsequent administrator unless it was proper, reasonable, and necessary.

3.   Contracts made by administrators for the benefit of the estates over which they have charge should be reasonable, proper, and necessary. Caldwell v. Young, 21 Texas, 800; Portis v. Cole, 11 Texas, 157; Lewis v. Jones, 11 Texas, 359; Price v. McIver, 25 Texas, 769.


*Barrett & Eustis,* for appellee, cited Huppman v. Schmidt, 65 Texas, 585; In re Hynes, 12 N. E. Rep., 62; 105 N. Y., 563.

STAYTON, CHIEF JUSTICE. — The case made by the pleadings, evidence, and finding of the court is that Mary A. Boone, after having qualified as surviving wife to administer the community estate of her deceased husband and self, employed appellee to collect a claim due to said estate based on a rent contract made with three persons, two of whom were insolvent and the other claiming that he had been released from liability by certain transactions between the others and Mrs. Boone.

Appellee agreed to undertake the collection of the claim for one-half the sum that might be collected, which Mrs. Boone agreed to pay. Appellee and counsel whom he associated with himself instituted the suit, which he prosecuted to final judgment after Mrs. Boone, on account of her marriage, had ceased to represent the community estate.

After her marriage appellant was appointed administrator of the estate, and as a result of the judgment he received a sum of money, for the one-half of which appellee brought this action against him.

Appellant employed counsel who acted with appellee in the prosecution of the suit instituted by appellee for Mrs. Boone, and he paid to them a fee. The court below found that appellee was entitled to have the contract made with Mrs. Boone enforced, but held that the sum paid by appellant to counsel employed by him should be deducted from the sum appellee would be entitled to under his contract; and in accordance with this ruling entered a judgment of which appellee does not complain.

The estate represented by appellant is shown to be solvent and to be of value of about $14,000.

In the findings of the court the instrument made the basis of the action prosecuted by appellee is spoken of as a note, and it is urged this was such an error as calls for the reversal of the judgment. There can be no doubt as to the instrument to which the finding of the court refers, and that he may not have properly classified it is a matter of no importance.

It is urged that it was not shown that appellee actually collected the judgment obtained by himself and cocounsel, and that for this reason the judgment should not have been rendered in his favor.

The money seems actually to have been paid to counsel employed by appellant and by them to him; but this is an unimportant matter, for the money was paid in satisfaction of the judgment obtained in the action instituted by appellee under his contract with Mrs. Boone and by him with others prosecuted to an affirmance in this court. White v. Boone, 71 Texas, 712.

The court below held that as qualified survivor Mrs. Boone had authority to make the contract with appellant and that he would not review her action.

We are of opinion that after having qualified as survivor to administer the community estate of her deceased husband and herself that she had the power to make the contract sued upon and thereby to bind the estate,

and that the limitation as to the reasonableness of the compensation agreed to be paid which would apply in case of a contract made by an ordinary administrator does not apply.

There is no pretense that the contract was brought about by fraud nor that the survivor was not acting in the utmost good faith in making it.

The court found that the claim to which the contract related was one doubtful when the contract was made, and there was much evidence tending to show that the compensation agreed to be paid to appellee, contingent on recovery as it was, was not unreasonable.

That a suit on the claim was proper and necessary is shown by the fact that the only responsible defendant refused to pay without suit, and resisted payment until the affirmance of the judgment against him by this court, and by the further fact that the final judgment evidences that the claim was one which it was the duty of Mrs. Boone as the representative of the community estate to enforce.

The power possessed by a surviving husband or wife who qualifies to administer a community estate is much broader than that possessed by an ordinary administrator, and what such a survivor may legally do in the exercise of that power will bind the estate.   If such a survivor should fraudulently or in bad faith make contracts binding on the estate, some question might arise as to the liability of such a survivor to account to others interested in the estate for money diverted by such a contract, but other parties to such contracts not affected by such fraud or bad faith would be entitled to protection.

The estate represented by appellant received the services rendered by appellee in pursuance of a contract made with Mrs. Boone which she had lawful power to make, and we see no good reason why it should not be held bound to comply with that contract.

We find no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered October 21, 1890.